may I please the court my name is Evan Nelson I'm here representing the appellant Eugene Newcomb your honors this case is not about a veteran's judicial review act would preclude jurisdiction instead this case is about the VA's absolute failure to supervise its employee who the VA knew was making several mistakes and who then generated a clearly erroneous letter the letter which caused harm this is a negligent supervision case not a benefits determination case and that distinction is made clear by the VA's clear and unmistakable error determination for that reason we ask this court reverse and remand the district courts dismissal can you help me understand just as a matter of I guess internal regulations within the VA what is the difference between a CUE of that which is a formal name for a mistake and just the VA saying to a beneficiary a veteran we made a big mistake and now we're correcting it as a matter of procedure what is the difference between those the CUE is a determination that's defined in regulation as a specific and rare kind of error which is so obvious to later reviewers that it compels the conclusion that it was manifestly incorrect as opposed to it because what you're omitting as I understand it the CUE is a part of the JVRA process that leads to Federal Circuit and US Supreme Court review and the significance of the CUE is in that process the CUE is we're trying to take the CUE and make it a freestanding beast that somehow makes the the determination that prompted a CUE a non-decision and therefore we don't have to therefore we can ignore the JVRA I think I think first of all that's that's illogical and second of all it does great violence to the sovereign immunity problem respectfully your honor we are not saying that a CUE in and of itself creates a negligence claim correct because the letter the letter that was on its face was a benefits that negative benefits determination correct therefore would because in the JVRA process the agency then issued a CUE the CUE makes clear that that February letter was not the product of decisions but not only that the VA is regional officer it's not a decision within the within the JVRA regime its significance is in that regime it doesn't have freestanding significance elsewhere it's no different than what Judge Kelly said a simply a better thing we're sorry we made him we made a mistake in benefits determination and we're changing it isn't there an argument to be advanced that there was no decision because there was no decision because at the end of the day the notice that was received although it's at notice of decision and then it said the corneal ulcers aren't covered and then it said your current benefits will never change correct and so it's a big nothing which might not be really all that good for your client because your client was informed that his press to find out exactly how this thing ever survives a motion for summary judgment if you get that far but you could argue that there was no decision because the decision on its face was a decision to be no decision the decision is we're doing what we've always done right the the February letter did not change the benefits in fact his benefits never changed there was no benefits determination we're not seeking damages for benefits being withheld but mr. Newcomb holding the letter in his hands didn't know that at the time he held that letter he just looked at that termination decision that your corneal ulcerations are not covered and he thought they're coming for my benefits next he his subjective fear in that moment is what caused the harm now if we can get discovery in this case proceeds and there's other issues to be considered I agree with that but now we are considering whether that letter was ever a decision there was no decision because the CUE said it was merely the product of error so so if you if you can't rely on the see you your argument about the CUE and the role that it plays in defining a decision in this process is the case over no because there's more than just the CUE your honor there's also the admission that director graves had made later on to her boss saying the this this came from multiple and several errors made by the same individual employee but it doesn't it still become if if it if it's a decision about benefits in a letter to a veteran isn't that what we can't review you you cannot review whether a benefits determination was correct or incorrect but the district court in this case does not have to review that the CUE has already come in and said there was but again if we don't rely on the seat that its categorization is a CUE if we don't if that is not a vehicle to get you to non-decision world how then is that letter not a decision about benefits erroneous perhaps but a decision it's not a decision about benefits because there was no impact factual impact on his benefits they were not reduced he received his benefits what to me is maybe the most significant part of this debate because it reads from your brief is just sort of a choice between alternative remedies but in fact I learned about the last two pages at the end of the government's brief that if you if your client must proceed through the JVRA it is precluded by sovereign a sovereign immunity preclusion to recover the damages that you're talking about this morning right correct if this case were to proceed before the Board of Veterans Appeals and through the section 511 regime mr. Newcomb is left without recourse for the damage that was caused in him right Congress has not waived the sovereign immunity for this kind of regime through the VJ RA however through the Federal Tort Claims Act we can proceed on a negligent supervision claim so the only remedy but the alternative has the alternative choice of remedial paths has tremendous sovereign immunity implications that you you completely ignore how can we how can we ignore that Congress has said for this for it for a decision for a is the result which includes decisions that are the result that are the product of a CUE you've got to go through a path through a decision-maker that is precluded from awarding the consequential damages you want it seems to me we would we I would suspect the Supreme Court to reverse us you know you know wink of an eye if we if we said if we held that your honor this court does not need to hold that anything changes about the jurisdiction of the VJ RA because this claim is separate from the jurisdiction if if you're if the CUE doesn't give you your no decision argument is there anything else and you say well yeah we've got this we've got these admissions the moral admissions and so forth after the fact but but that but the seat but the CUE was addressing a decision and that decision had to do with benefits it said in the context of an ongoing stream of as I understand it ongoing stream of problems correct this particular problem you don't get benefits a a mistake since they'd almost almost on its face mm-hmm well and that's exactly right and that's why the CUE came in later and said it's but it was still a benefits decision no it was it was not a decision there is as the Roman cancel case no I'm saying that the the CUE as it was found in the Roman cancel case says there was no discretion no reasoning no decision-making whatsoever that it was simply an error in our cases how was this error allowed to go out to vulnerable veteran that is not a decision-maker there's no allegations that John Doe was a decision-maker there's no allegations that a decision was ever made it's simply there was an error it wasn't caught and that error has caused harm to a veteran and if there's no more questions I will see the my time thank you may it please the court and counsel your honor the United States has not waived sovereign immunity for claims of emotional distress arising out of erroneous benefits decisions and that's exactly what mr. Newcomb's claim is when he received the February 25th 2015 benefits decision he alleges he was injured as a direct result of that decision I want to address some of the court's questions right up front judge Erickson while we agree that the the 2015 decision didn't have any impact on his benefits it certainly was a decision because it changed and made a determination about the bases on which he could recover disability benefits so it did have an impact and it was a decision on those grounds now proceed I'm sorry procedurally the fact that it was corrected by the May 25th decision May 2015 decision is the result of a very unique procedural component of the Veterans Judicial Review Act the the statute which creates the CUE procedure is unique in that it allows the VA to correct its decision at any time on any grounds on anyone's motion and it works as an annulment of the prior decision there's no question that the law supports a finding that that February 2015 letter was a decision when you said the an annulment the CUE the issuance of a CUE renders the previous decision and an annulment essentially it reverses as as judge Loken said voids at ab initio it reverses that decision and applies benefits retroactively to the date of that original decision so it essentially annuls that decision as if it had never happened and says you get your benefits from that date but that is specifically set forward in the statute that reversal based upon a finding of clear and unmistakable errors is retroactive and and the statute 5109 a specifically presupposes that a decision was made before the process of finding a can be invoked so is one of is one of the the reasons for the CUE process is to get that retroactive benefits if is that the way you have to get them retroactively applied as you can also go through the entire process and have a retroactive application of benefits the CUE provision is just a you know a safety valve that sort of comes in and allows in the context of this veteran friendly claims procedure for the secretary to correct it at any time on anyone's motion without regard to where you are in the process if you haven't yet exhausted you you know as long as you haven't gotten a decision from the Federal Circuit saying you're not entitled to those benefits the VA can correct its error through the CUE process at any time and that's exactly what they did here the the idea that this is not a decision is not supported by this courts decision in Jones which specifically rejected the argument that this was only a mistake it wasn't a decision a page 850 the court said straight out Jones contends there were no decisions in this case only mistakes that is wrong and the same thing would apply here but there was in Jones there wasn't a CUE though that wasn't an issue was that's correct there was no no CUE in Jones but but there was a reversal of a prior erroneous I think his argument is that the CUE is sort of the the magic words to undo the decision and to say it never was as opposed to Jones where they're just saying that was a mistake and and we do not think that there's any logical distinction between those two things the the CUE because it is the specific procedural mechanism that serves a very unique purpose within the structure of the VJ RA is a procedural mechanism for for the secretary to correct mistakes and to admit that they're erroneous but it shouldn't distinguish in any way the the courts analysis that was set forward in Jones at base mr. Newcomb's claim is there was an erroneous benefits decision that caused him emotional distress and the CUE provision and the rest of the VJ RA does not at any point entitle wave sovereign immunity for an award of damages consequential damages resulting from erroneous decisions and nothing about the fact that the decision was corrected more quickly through a CUE would change that that analysis the the circuit those those cases all say that when the question is about the VA's whether the VA properly handled the benefits claim that that is squarely within the the VJ RA is exclusive remedy provisions and that's exactly what we have here we have a question we have presented a claim about errors in the process whether the supervisor should have reviewed the work before it went out whether the the decision-maker who wrote that letter should have looked at different facts whether the appropriate facts were in the file and the district court is precluded from conducting that sort of analysis because it is squarely within the exclusive remedies provided under the VJ RA the the Beeman case out of the Sixth Circuit is very instructive your honors that it talks about whether the procedures the VA used would would allow that whether that is the same as the claim about benefits covered under the VJ RA and the Sixth Circuit said yes claims for unreasonable delay in adjudicating benefits and it claims about the process can go through the VJ RA process can be adjudicated by the Board of Veterans Appeals the Court of Veterans Claims and then ultimately the those courts are vested with broad enough authority equitably to be able to redress claims as Judge Loken pointed out just because the statute did not expressly provide for emotional distress damages does not mean that it doesn't provide the exclusive remedy and that Congress's intent was not clear we spent a lot of time in our brief distinguishing Roman cancel and I would just say here your honors that we did make a factual record here in the district court about why this would intrude on the secretary's decision making and we think that's that's one basis in addition to the legal analysis in Jones and the King case of why the Roman cancel decision is distinct distinguishable distinguishable excuse me and just in closing your honors that you know a waiver of sovereign immunity has to be very explicit the the Q the CUE procedure certainly doesn't waive and allow for the the imposition of compensatory damages anytime it's used and invoked by the secretary to correct a decision this is part and parcel of the review process and this court has multiple times upheld decisions dismissing cases that should be funneled through that review procedures so we would ask that the court affirm the jurisdiction here if there are no further questions I will yield my time thank you thank you thank you your honors my time is short so I'll just make thank you your honor more how much should I give pardon give him a minute the lightning round thank you your honor the government points you to Beeman versus Brown but one important consideration to make when looking at that case is that was a purported class action challenging the entire decision-making process decisions that would have been correct or incorrect it was just a matter of them not being timely here there has been no decision the benefits were never changed it was merely the conduct of the VA that we are looking at the conduct of the VA in not supervising an employee they knew was making successive mistakes and didn't stop and didn't review his work before it went out that conduct is not protected by the VJ RA Congress's intent was not to shield the VA from bad conduct Congress's intent to have uniformity in decisions across the this case is a narrow and unique set of facts that apply under the federal tort claims act as a negligent supervision claim and therefore we ask this court to reverse and remand and allow us to proceed if there are no questions thank you thank you counsel case has been well briefed and argued and we'll take it under advisement